Arthur Wachtel, J.
The contract in question was prepared by the plaintiff on the plaintiff’s own printed form, and must be construed most strongly against him. It is not, as his attorney argues, a contract for a finder’s fee for providing information, and accordingly the case of Fischer v. Kay’s Luncheonette (71 N. Y. S. 2d 22) does not apply. It is a contract wherein defendant, George Sobek, specifically agrees to pay a brokerage fee “ for hiring Ernest Rabine to obtain an apartment for him.” Any ambiguity must be resolved by oral testimony. The court finds that the agreement was that plaintiff was hired by the defendant to obtain a lease for an apartment at 3237 Radcliffe Avenue. But this, plaintiff could not accomplish because at no time either prior to, at the time of the contract, nor thereafter did he ever obtain the consent of the owner of the premises, nor of any tenant therein, to negotiate or enter into any lease or sublease in respect of any apartment in said premises. Nor does it appear that the tenant of any specific apartment had the right to sublease or assign without the consent of the landlord. All the plaintiff did was to provide the defendant with the suggestion to investigate the possibility of a vacancy at the said premises. However, plaintiff had never obtained any listing from the owner. The defendant was unsuccessful in obtaining any apartment from the owner. The plaintiff upon demand returned the deposit which the defendant had given him, after the defendant had first signed a statement at the bottom of the printed form, reading as follows: “ In consideration of having my brokerage deposit returned, I hereby certify that neither I or my family have paid a deposit or paid rent in the one above mentioned locations, or will accept any apart *145 ment there within the next four months without paying the brokerage fees. If brokerage fee is not paid within ten days after renting or paying deposit to landlord or agent of mentioned apartment, an additional fee of fifty dollars shall be due for legal and collection cost. ’ ’
Defendant insisted that he signed this printed form at the bottom of the contract because he was told that he would not get his deposit unless he did so. Two months later the defendant noticed an ad for an apartment, indicating a telephone number. This telephone number, he subseqently learned, related to an apartment in the same premises. He negotiated and obtained a lease for an apartment in the said premises. Plaintiff now seeks to hold him for $105 brokerage fee and $50 legal fees.
In the opinion of the court there was no consideration for the purported agreement relied upon by the plaintiff. There was no proof that the plaintiff had been the effective producing cause of obtaining the lease which the defendant procured or that he had done anything to obtain a meeting of the minds between the defendant and the owner. In fact the evidence is quite the contrary. The courts have not restricted themselves to the precise language of broker’s commissions agreements, particularly where they are prepared by the brokers themselves, and where, as in this case, the defendant is not represented by an attorney. Brokers may not in the absence of clear proof of the intention of the parties to the contrary, reverse the rules so well laid down by the Court of Appeals to determine broker’s commissions in Sibbald v. Bethlehem Iron Co. (83 N.Y. 378).
Accordingly, complaint dismissed.